UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80084-Cr-Rosenberg/Reinhart

UNITED STATES OF AMERICA,

v.

OSMAN GEOVANNI AVILA-RUIZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Oder of Reference from U.S. District Judge Robin L. Rosenberg and the consent of the parties for a U.S. Magistrate Judge to accept a guilty plea by Defendant Osman Geovanni Avila-Ruiz. The Court held a change of plea hearing on July 1, 2021, which was attended by Defendant, his counsel Assistant Federal Public Defender Peter Birch, and Assistant U.S. Attorney Jennifer Nucci. Mr. Avila-Ruiz consented to appear by video. The Court hereby advises as follows:

1. The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court further advised Defendant that a U.S. Magistrate Judge was conducting the change of plea hearing by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1

2. The Court advised Defendant that he did not have to permit the undersigned to conduct this hearing and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the sentencing guidelines, and applicable statutes.

5. Defendant acknowledged that he was fully satisfied with the services of his Attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. Defendant pled guilty to counts One and Two of the Information. Count One of the Information charges the Defendant with Illegal Reentry after Removal, in violation of 8 U.S.C. § 1326(a) and (b)(1) and Count Two of the Information which charges the defendant with making a false claim of United States Citizenship, in violation of 18 U.S.C. § 1015(e).

7. The government offered an oral factual proffer that included all the essential elements of the offense to which Defendant pled guilty. Defendant acknowledged that all the statements contained therein are true. The defendant was aided by a Spanish Interpreter.

8.      Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report. The sentencing hearing will be conducted at a time scheduled by the U.S. District Judge.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

RECOMMENDS that Defendant, OSMAN GEOVANNI AVILA-RUIZ, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Counts 1 and 2 of the Information, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offenses, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file any written objections with U.S. District Judge Robin L. Rosenberg. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. *See Resolution Tr. Corp. v. Hallmark Builders. Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (I.O.P.-3)

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 5th day of July 2021.

_____
BRUCE E. REINHART
U.S. MAGISTRATE JUDGE